NOT DESIGNATED FOR PUBLICATION

No. 121,265

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARRETT W. DUNN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed April 10, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN AND POWELL, JJ.

PER CURIAM: Garrett Dunn received probation after serving the jail portion of his sentence for a driving-under-the-influence conviction. Dunn admitted to violating his probation conditions by testing positive for alcohol use. The judge imposed a 34-day jail sanction and continued Dunn's probation with increased drug-and-alcohol treatment. On appeal, Dunn challenges the district court's decision to impose a jail sanction. But Dunn agreed with the State's recommendation to impose the sanction, so he is precluded from objecting to it on appeal. And even if he could object, the decision to impose the sanction was within the district court's discretion once a violation had been established. On the facts here, we find no abuse of discretion in imposing the sanction.

1

Dunn argues on appeal that the district court abused its discretion when it imposed a 34-day jail sanction that wasn't designed to address the cause of his probation violation, his alcoholism.

Before we address that argument, the State says Dunn is barred from raising it because he agreed with the State's recommendation on how to resolve the probation violation. The State's argument invokes the invited-error doctrine, which prevents a party from complaining on appeal about an alleged error that the party invited in the district court. Whether the doctrine applies is a legal question over which we exercise unlimited review. A party doesn't invite error by simply acquiescing in some action taken by the district court; the party must actively pursue what it later claims is error on appeal. *State v. Sasser*, 305 Kan. 1231, 1235-36, 391 P.3d 698 (2017).

Dunn did more than acquiesce in the State's recommendation that the court treat the 34 days he spent in jail as a sanction—he affirmatively asked the court to follow that recommendation. Now he claims on appeal that the district court erred by imposing a sanction because it wasn't related to addressing his alcohol problem. But since he asked the court to impose this sanction, Dunn cannot object to its imposition on appeal because he invited any error in the district court.

Even if we considered Dunn's argument, it would still fail. The legal rules applicable to Dunn's argument are straightforward. The district court's decision to impose a sanction must be based on a factual finding that a condition of probation has been violated. Once a violation has been established, the decision of whether that violation warrants revocation or some other sanction is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no

reasonable person would agree with the decision made by the district court. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

That discretion is limited by the statute governing probation revocation, which has a specific provision for DUI offenses like Dunn's. K.S.A. 2019 Supp. 22-3716. Under the DUI provision in effect at the time, the district court had three options after finding that Dunn had violated his probation. It could (1) continue or modify probation and impose up to a 60-day jail sanction, (2) impose a two- or three-day intermediate jail sanction, or (3) revoke probation and require that Dunn serve the imposed or a lesser sentence. K.S.A. 2019 Supp. 22-3716(b)(3)(B)(i)-(iii). Here, the district court went with the first option—it modified Dunn's probation conditions by requiring more drug-and-alcohol treatment, and it imposed a 34-day jail sanction.

Since the district court followed the statute, there was no legal error in its decision to impose a 34-day jail sanction. Dunn has alleged no factual error, so he must show that the decision to impose the jail sanction was unreasonable. He says that it was because the jail sanction wasn't related to addressing his alcoholism, the cause of the probation violation.

But we find nothing unreasonable about the district court's decision. The jail sanction reflected the 34 days Dunn had spent in county jail since his arrest for the probation violation. Dunn cites no authority stating that the district court could only impose that jail sanction if its purpose was to address the reason for his violation. And even if that were required, the other dispositions ordered by the district court were designed to treat his alcohol problem. The court modified his probation by increasing drug-and-alcohol treatment. The purpose of that measure was to address his alcoholism and ensure that he received proper treatment. . Under the circumstances, there is nothing unreasonable about the district court's decision to impose a 34-day jail sanction for the probation violation; the district court did not abuse its discretion.

3

On Dunn's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Dunn's probation.

We affirm the district court's judgment.